ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
| pursuant to Supreme Court Rule XIX, § 21, the Office of Disciplinary Counsel (“ODC”) has filed a petition seeking the imposition of reciprocal discipline against respondent, Jeffrey Wayne Davidson, an attorney licensed to practice law in the States of Louisiana and Maine, based upon discipline imposed in Maine.
UNDERLYING FACTS AND PROCEDURAL HISTORY
Lieutenant Mary Zidalis of the Washington County Sheriffs Department was to be a state witness in the trial of respondent’s client. In the days before trial, Lieutenant Zidalis discussed the upcoming cross-examination with respondent, as she was also a key witness in the defense of his *19 client. Forty-five minutes before the start of the trial, as Lieutenant Zidalis walked by respondent, he asked her, “[h]ave you ever been raped?” She replied that his question was personal. Respondent then commented, “[w]ell, get ready because today will be your first time”. Lieutenant Zidalis reported the remark to her colleague and superiors.
Although they were not strangers, respondent’s comment had an unsettling effect upon Lieutenant Zidalis minutes before her testimony. Respondent admitted that he used the word “rape” in the context of her testimony. He also admitted that this incident was a joke that went too far. By letter received a day after the [ 2incident, respondent learned that he was barred from entering the Washington County Jail. The letter also contained a reference to a possible criminal investigation for attempting to intimidate a witness. Thereafter, respondent consulted with outside counsel, who advised him not to speak to Lieutenant Zidalis. For this reason, respondent did not apologize to Lieutenant Zidalis, although he indicated that he intended to do so.
For this misconduct, respondent has been issued a public reprimand in Maine, effective July 6, 2012, as ordered by the State of Maine, Board of Overseers of the Bar, Report of Findings of Panel A of the Grievance Commission. In its order, the panel concluded that respondent violated Rules 4.4(a) (respect for rights of third persons) and 8.4(a) (violation of the Rules of Professional Conduct) of the Rules of Professional Conduct. The panel found this misconduct was not minor. The panel also found emotional injury to a third party and injury to the legal system and the legal profession.
After receiving notice of the Maine order of discipline, the ODC filed a motion to initiate reciprocal discipline proceedings in Louisiana, pursuant to Supreme Court Rule XIX, § 21. A certified copy of the decision and order of the Maine court was attached to the motion. On July 25, 2012, this court rendered an order giving respondent thirty days to demonstrate why the imposition of identical discipline in this state would be unwarranted. Respondent failed to file any response in this court.
DISCUSSION
The standard for imposition of discipline on a reciprocal basis is set forth in Supreme Court Rule XIX, § 21(D), which provides:
Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline or disability ^inactive status unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) Based on the record created by the jurisdiction that imposed the discipline, there was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice or be offensive to the public policy of the jurisdiction; or
(4) The misconduct established warrants substantially different discipline in this state; or
*20 (5) The reason for the original transfer to disability inactive status no longer exists.
In determining the appropriate measure of reciprocal discipline, we are not required to impose the same sanction as that imposed by the state in which the misconduct occurred. Nevertheless, only under extraordinary circumstances should there be a significant variance from the sanction imposed by the other jurisdiction. In re: Aulston, 05-1546 (La.1/13/06), 918 So.2d 461. See also In re Zdravkovich, 831 A.2d 964, 968-69 (D.C.2003) (“there is merit in according deference, for its own sake, to the actions of other jurisdictions with respect to the attorneys over whom we share supervisory authority”).
Applying the factors set forth in Rule XIX, § 21(D), we see no reason to deviate from the sanction imposed by our sister state. There is little doubt that respondent's conduct would warrant discipline in Louisiana, given his unprofessional and offensive remarks to Lieutenant Zidal-is just prior to her taking |4the stand. Under these circumstances, we agree that a public reprimand is warranted.
Accordingly, we will impose the same discipline against respondent as was imposed in Maine.
DECREE
Considering the Petition to Initiate Reciprocal Discipline Proceedings filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Jeffrey Wayne Davidson, Louisiana Bar Roll number 25022, be publicly reprimanded.

 Chief Justice Kimball not participating in the opinion.